**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0001010**
**24-JUL-2015**
**08:28 AM**

NO. CAAP-12-0001010

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WELLS FARGO BANK, N.A., AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-FRE2 ASSET-BACKED PASS-THROUGH CERTIFICATES, Plaintiff-Appellee, v. KULI H. TEAUPA and SALOTE TEAUPA, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CIVIL NO. 3RC 11-1-00170K)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendants-Appellants Kuli H. Teaupa and Salote Teaupa (the Teaupas) appeal from the District Court of the Third Circuit, North and South Kona Division's (District Court)[1] October 2, 2012 "Order Denying Defendant's [sic] Motion for Relief from this Court's June 2, 2011 Orders Granting Judgment for Possession and Writ of Possession and this Court's June 30, 2011 Order Granting Ex Parte Motion to Stay Execution of Writ of Possession and Judgment of Possession Filed June 28, 2012" (Order).

---

[1] The Honorable Joseph P. Florendo, Jr. presided.

On appeal,[2] the Teaupas maintain that the District Court erred in issuing its Order, "despite [the Teaupas] providing factual and legal evidence that the Kingdom [of Hawai'i] exists as a state in accordance with recognized attributes of a state's sovereign nature in compliance with [State v. ]Lorenzo, [77 Hawai'i 219, 883 P.2d 641 (App. 1994)] thereby rebutting the presumption establishing subject matter jurisdiction of the court[.]" This evidence consisted of two executive agreements, the *Lili'uokalani assignment* (January 17, 1893) and the *Agreement of restoration* (December 18, 1893). The Teaupas' single point of error on appeal is without merit.

First, the documents submitted by the Teaupas fail to satisfy the requirements of District Court Rules of Civil Procedure (DCRCP) Rule 60(b)(2), under which their motion was brought, which requires a showing of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." The Teaupas maintained that they "were not aware of this newly discovered evidence at the time of the ejectment proceedings" but have not claimed that this evidence could not have been discovered with due diligence.

In any event, the Hawai'i Supreme Court has ruled that "[w]hatever may be said regarding the lawfulness of its origins, the State of Hawai'i is now a lawful government. State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004), *aff'd*, 106 Hawai'i, 41, 101 P.3d 225 (2004)." State v. Kaulia, 128 Hawai'i 479, 487, 291 P.3d 377, 385 (2013) (internal quotation marks and ellipsis omitted). Therefore, the District

---

[2] The Teaupas' opening brief fails to conform to Hawai'i Rules of Appellate Procedure (HRAP) Rule 28. For example, within their Statement of the Points of Error, they fail to state where the alleged error occurred, and where the error was brought to the attention of the District Court. See HRAP Rule 28(b)(4). Such failure is sufficient to warrant disregard of the point. However, as the Hawai'i Supreme Court observes a policy of affording *pro se* litigants the opportunity "to have their cases heard on the merits, where possible[,]" O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994), we will consider the Teaupas' arguments to the extent we can discern them.

Court did not abuse its discretion when it denied their motion for relief.

Therefore, the October 2, 2012 "Order Denying Defendant's [sic] Motion for Relief from this Court's June 2, 2011 Orders Granting Judgment for Possession and Writ of Possession and this Court's June 30, 2011 Order Granting Ex Parte Motion to Stay Execution of Writ of Possession and Judgment of Possession Filed June 28, 2012" is affirmed.

DATED: Honolulu, Hawai'i, July 24, 2015.

On the briefs:

Kuli H. Teaupa and
Salote Teaupa,
Defendants-Apellants, *pro se.*

Presiding Judge

Charles R. Prather and
Sofia Hirosane McGuire
for Plaintiff-Appellee.

Associate Judge

Associate Judge